IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON HENDRIX | § | |
| | § | |
| V. | § | A-12-CA-1153- LY |
| | § | |
| DON MOREHART, SHERIFF OF | § | |
| WILLIAMSON COUNTY, TEXAS, | § | |
| DISTRICT ATTORNEY JOHN | § | |
| BRADLEY, DISTRICT CLERK LISA | § | |
| DAVID, THE HONORABLE BURT | § | |
| CARNES AND THE TEXAS ATTORNEY | § | |
| GENERAL GREG ABBOTT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Petitioner Jason Hendrix's Motion to Proceed In Forma Pauperis (Clerk's Doc. No. 3) and his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1). Because Petitioner is indigent, the Court **HEREBY GRANTS** Petitioner's Motion to Proceed In Forma Pauperis (Clerk's Doc. No. 3). However, for the reasons set forth below, the undersigned finds that Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice.

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

At the time of filing, Petitioner was a pre-trial detainee confined at Williamson County Jail awaiting trial on the state charges of Evading Arrest in a Motor Vehicle (a 3rd Degree Felony) and the Misdemeanor offense of Driving While Intoxicated (2nd Offense).[1] In this case, Petitioner alleges that the criminal charges against him violate his constitutional rights to due process and to be free from double jeopardy. He further alleges that his counsel and the district court judge have denied him the effective assistance of counsel. He also alleges that he has been denied access to an adequate law library to prepare his defense. Petitioner seeks dismissal of his state criminal charges. Notwithstanding these claims, on January 8, 2013, Petitioner voluntarily pled guilty to the above state charges. *See* Plea Agreement filed on 1/8/2013, in No. 12-1344-K368.

## II. ANALYSIS

A state pretrial detainee or prisoner is entitled to raise constitutional claims in a federal habeas proceeding under § 2241. See 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987). However, he must first exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether he seeks relief pursuant to § 2241 or § 2254. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at

---

[1] See *State v. Hendrix*, No. 12-1344-K368 (368th Dist. Ct., Williamson County, Tex.), and *State v. Hendrix*, No. 12-07883-3 (Co. Ct. at Law No. 3, Williamson County, Tex.).

523. The state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters*, 985 F.2d at 795. A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose*, 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

Because Hendrix seeks relief pursuant to 28 U.S.C. § 2241, and since habeas corpus is the appropriate remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. His original pleading is silent regarding whether he exhausted his state court remedies before filing his petition. A review of the Texas Court of Criminal Appeals' docket reflects that Hendrix has not filed a petition for review or a writ of habeas corpus with that Court. Thus, Petitioner has not satisfied the exhaustion requirement as to the claims presented in the instant § 2241. In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture. Accordingly, the Petition should be dismissed for failure to exhaust all available state court remedies.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Jason Hendrix's Petition for Writ of Habeas Corpus pursuant to § 2241 (Clerk's Docket No. 1) for failure to exhaust all available state court remedies.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id*.  "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of January, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE